LATHAM & WATKINS LLP
Mark S. Mester (Admitted *Pro Hac Vice*)
  mark.mester@lw.com
Robert C. Collins III (Admitted *Pro Hac Vice*)
  robert.collins@lw.com
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

LATHAM & WATKINS LLP
Michael A. Hale (Bar No. 319056)
  michael.hale@lw.com
355 South Grand Avenue, Suite 100
Los Angeles, California 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

*Attorneys for Defendant Vivid Seats LLC*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| BRUCE BROUILLETTE, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VIVID SEATS, LLC,<br><br>Defendant. | CASE NO. 8:20-cv-02133-JLS-ADS<br><br>**JOINT STIPULATED MOTION FOR DISMISSAL OF CLASS ACTION ALLEGATIONS WITHOUT PREJUDICE AND WITHOUT NOTICE TO PUTATIVE CLASS MEMBERS AND DISMISSAL WITH PREJUDICE OF PLAINTIFF'S INDIVIDUAL CLAIMS**<br><br>Action Filed: November 5, 2020 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

JOINT STIP. AND MOTION FOR DISMISSAL
AND DISMISSAL WITH PREJUDICE
CASE NO. 8:20-cv-02133-JLS-ADS

Case 8:20-cv-02133-JLS-ADS   Document 35   Filed 06/28/21   Page 2 of 8   Page ID #:297

Plaintiff Bruce Brouillette ("Plaintiff") and Defendant Vivid Seats LLC ("Vivid Seats," and together with Plaintiff, the "Parties"), through their respective attorneys of record, hereby enter into this Stipulation with reference to the following circumstances:

WHEREAS, on November 5, 2020, Plaintiff filed a complaint in the above-captioned matter (the "Complaint") (Dkt. No. 1);

WHEREAS, on January 25, 2021, Vivid Seats filed a motion to dismiss and to compel arbitration on a non-class basis (Dkt. 22);

WHEREAS, on February 2, 2021, the Court granted the Parties' joint stipulation and ordered that (i) Vivid Seats' opposition to the motion to dismiss and to compel arbitration on a non-class basis was due no later than March 22, 2021 and (ii) Vivid Seats' reply was due no later than May 7, 2021 (Dkt. 25);

WHEREAS, on March 8, 2021, the Court granted the Parties' joint stipulation and (i) continued the scheduling conference from March 12, 2021 to July 16, 2021 and (ii) stayed all discovery, discovery deadlines and other pre-trial deadlines until the Court's ruling on Vivid Seats' motion to dismiss and to compel arbitration on a non-class basis (Dkt. 29);

WHEREAS, on March 22, 2021, Plaintiff filed his opposition to the motion to dismiss and to compel arbitration on a non-class basis (Dkt. 30);

WHEREAS, on May 6, 2021, the Parties in a joint stipulation notified the Court of a class action settlement in an action pending in the United States District Court for the Northern District of Illinois captioned Nellis, et al. v. Vivid Seats LLC, Case No. 1:20-cv-02486 (N.D. Ill.) (the "Nellis Action"), that was preliminarily approved by the Honorable Robert M. Dow, Jr. on April 1, 2021, and stipulated to extending Vivid Seats' deadline to file its reply (Dkt. 31);

WHEREAS, the hearing on the motion for final approval of the Nellis settlement is scheduled for August 10, 2021 (see Minute Entry (Nellis Action Dkt. 60));

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

1

JOINT STIP. AND MOTION FOR DISMISSAL AND DISMISSAL WITH PREJUDICE
CASE NO. 8:20-cv-02133-JLS-ADS

WHEREAS, if the court in Nellis enters final approval of the Nellis settlement, the Nellis Settlement Agreement will fully and finally resolve the claims asserted in this lawsuit (see Settlement Agreement (Nellis Action Dkt. 46-2) § III(A) (defining proposed settlement class); id. § I(39) (defining scope of claims released by members of the proposed settlement class); id. § XI (providing for release of those claims contingent upon, among other things, final approval of the settlement));

WHEREAS, on May 7, 2021, the Court granted the Parties' joint stipulation and ordered that Vivid Seats' reply was due no later than May 28, 2021 (Dkt. 32);

WHEREAS, on May 25, 2021, the Parties executed an individual settlement agreement releasing Vivid Seats of all claims or disputes that Plaintiff has or may have against Vivid Seats relating to the use of Vivid Seats' online marketplace to purchase tickets to an event that was subsequently cancelled or constructively cancelled, including the claims brought in Plaintiff's Complaint;

WHEREAS, on May 28, 2021, the Parties filed a joint stipulation to stay the instant litigation and extend indefinitely Vivid Seats' deadline to file its reply in support of its motion to dismiss and to compel arbitration, and in that joint stipulation, the Parties agreed to submit the settlement agreement to the Court under seal pursuant to L.R. 79-5.2.2 (Dkt. 33);

WHEREAS, on June 2, 2021, the Court granted the Parties' joint stipulation to stay the instant litigation and extend indefinitely Vivid Seats' deadline to file its reply in support of its motion to dismiss and to compel arbitration and further ordered the Parties to file dispositional documentation within forty-five (45) days of the Order (Dkt. 34);

WHEREAS, the Parties have reviewed this Court's procedures regarding a putative class action in which a settlement is reached of only the class representative's individual claims, and the parties seek to dismiss the class claims as well without prejudice.

After good faith negotiations, the Parties have agreed to an individual

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

2

JOINT STIP. AND MOTION FOR DISMISSAL
AND DISMISSAL WITH PREJUDICE
CASE NO. 8:20-cv-02133-JLS-ADS

settlement to conclusively resolve Plaintiff's claim with prejudice and to dismiss the claims of the putative class members without prejudice. The parties have, in turn, executed a written settlement agreement, and a true and correct copy of the Parties' Confidential Settlement Agreement will be filed under seal as Exhibit "1" in a separate filing, and Plaintiff has opted out of the preliminarily approved class action settlement in Nellis.

WHEREAS, as set forth below and consistent with this Court's preferences and procedures, the Parties hereby articulate why the factors as identified in Diaz v. Trust Territory of the Pacific Islands ("Diaz"), 876 F.2d 1401, 1408 (9th Cir. 1989), favor dismissal and why notice need not be provided to the putative class.

### THE DIAZ STANDARDS AS THEY APPLY TO THIS ACTION

Under Diaz, settlements reached before a class is certified must satisfy Federal Rule of Civil Procedure 23(e), and a court must "approve any dismissal or compromise of a class action." Diaz, 876 F.2d at 1408. Consistent with Diaz, a court must therefore assess potential prejudice to the putative class members from: (1) "possible reliance on the filing of the action if they are likely to know of it either because of publicity or of other circumstances"; (2) "lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations"; and (3) "any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." Id.

Pre-certification notice, however, is not always required: the decision in Diaz referred to Larkin General Hospital, Ltd. v. American Telephone & Telegraph Co., 93 F.R.D. 497 (E.D. Pa. 1982), as an example of "outright pre-certification dismissal where notice was not required." Diaz, 876 F.2d at 1411. In Larkin, "there was no possibility of prejudice because identical class allegations had been filed in another district. There was no chance that the class would be left out of court; notice would have merely wasted money." Id.

Larkin is on point here. Class claims addressing the claims of the entire

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

3

JOINT STIP. AND MOTION FOR DISMISSAL
AND DISMISSAL WITH PREJUDICE
CASE NO. 8:20-cv-02133-JLS-ADS

proposed class in this action are also before the court in the Nellis Action, which (as noted) is pending in the United States District Court for the Northern District of Illinois. See also Joint Stipulation to Extend Deadline (Dkt. 31). The court in Nellis preliminarily approved a class action settlement on April 1, 2021 and ordered that members of the settlement class, including members of the proposed class in this action, be provided notice of the settlement and an opportunity to participate, object or opt out. See Order Granting Preliminary Approval (Nellis Action Dkt. 61).

If the court in Nellis enters final approval of the Nellis settlement, the Nellis Settlement Agreement will fully and finally resolve the claims asserted in this lawsuit (see Settlement Agreement (Nellis Action Dkt. 46-2) § III(A) (defining proposed settlement class); id. § I(39) (defining scope of claims released by members of the proposed settlement class); id. § XI (providing for release of those claims contingent upon, among other things, final approval of the settlement)). Class members have until July 15, 2021 to decide whether they intend to opt out of or object to the settlement in Nellis. See id. § VIII (defining requests for exclusion by settlement class members); id. § IX (defining objections by settlement class members). Therefore, as in Larkin, there is no chance that the class here will be left out of court, and notice need not be provided. See Larkin, 876 F.2d at 1411. Indeed, notice would merely waste money and duplicate efforts, while potentially creating confusion on the part of class members. See id.

The three factors set forth in Diaz otherwise do not apply. First, with respect to whether members of the proposed class may rely on the filing of this action, the Parties have not engaged in any efforts to garner publicity with regards to this case. As far as the Parties are aware, members of the proposed class in this action are just as likely to be aware of the first-filed Nellis Action.[1] And even if any members of the proposed class had relied on the filing of this action, there is no prejudice to those

---

[1] Nellis was filed on April 23, 2020, whereas this case was filed on November 5, 2020. See Nellis Dkt. 1; Dkt 1.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

4

JOINT STIP. AND MOTION FOR DISMISSAL
AND DISMISSAL WITH PREJUDICE
CASE NO. 8:20-cv-02133-JLS-ADS

class members because of the existence of the Nellis Action.

*Second*, with respect to adequate time for class members to file other actions, this factor does not apply, because identical class claims have been filed in the Nellis Action, which remains pending. See American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 553 (1974). Moreover, the court in Nellis court preliminarily approved a class action settlement that would fully and finally resolve the claims asserted in this lawsuit. See disc. supra at 3-4.

*Third*, with respect to settlement or concession of class interests, the Parties seek to dismiss only Plaintiff's individual claims against Vivid Seats with prejudice. Individual members of the proposed class continue to retain the right to participate in the class action settlement in Nellis, to object to the settlement in Nellis or to pursue any individual claims against Vivid Seats if they choose to opt out of the Nellis settlement.

For the foregoing reasons, the Parties believe that there is no prejudice to members of the proposed class from dismissing the class claims in this action without requiring notice.

The Parties therefore stipulate and move the Court to dismiss the class allegations and claims without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), and to dismiss this action and all of the individual claims of Plaintiff with prejudice and without any findings of liability, wrongdoing, admissions, fault or damages of any kind. Each Party hereto shall bear their own respective attorneys' fees and costs.

Date: June 28, 2021

Respectfully submitted,
LATHAM & WATKINS LLP

By: */s/ Robert C. Collins III*
Robert C. Collins III

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

5

JOINT STIP. AND MOTION FOR DISMISSAL
AND DISMISSAL WITH PREJUDICE
CASE NO. 8:20-cv-02133-JLS-ADS

Mark S. Mester (Admitted *Pro Hac Vice*)
 mark.mester@lw.com
Robert C. Collins III (Admitted *Pro Hac Vice*)
 robert.collins@lw.com
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

LATHAM & WATKINS LLP
Michael A. Hale (Bar No. 319056)
 michael.hale@lw.com
355 South Grand Avenue, Suite 100
Los Angeles, California 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

*Attorneys for Defendant Vivid Seats LLC*

Dated: June 28, 2021

KAZEROUNI LAW GROUP, APC

By: */s/ Jason A. Ibey* (with consent)
    Jason A. Ibey

Abbas Kazerounian (Bar No. 249203)
 ak@kazlg.com
Jason A. Ibey (Bar No. 284607)
 jason@kazlg.com
Nicholas R. Barthel (Bar No. 319105)
 nicholas@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

Todd M. Friedman (Bar No. 216752)
 tfriedman@attorneysforconsumers.com
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228

*Attorneys for Plaintiff Bruce Brouillette*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

6

JOINT STIP. AND MOTION FOR DISMISSAL
AND DISMISSAL WITH PREJUDICE
CASE NO. 8:20-cv-02133-JLS-ADS

# **ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(I), I, Robert C. Collins III, attest under penalty of perjury that I have obtained concurrence and authorization from the other signatories to affix their electronic signatures to this filing.

Dated: June 28, 2021          **LATHAM & WATKINS LLP**

By *Robert C. Collins III*
Robert C. Collins III

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

7

JOINT STIP. AND MOTION FOR DISMISSAL
AND DISMISSAL WITH PREJUDICE
CASE NO. 8:20-cv-02133-JLS-ADS